| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Prober & Raphael, A Law Corporation**<br>**Lee S. Raphael, Esq., BAR ID: 180030**<br>**Cassandra J. Richey, Esq., BAR ID: 155721**<br>**David F. Makkabi, Esq., BAR ID: 249825**<br>**20750 Ventura Boulevard, Suite 100**<br>**Woodland Hills, California 91364**<br>**Telephone # (818) 227-0100**<br>**Fax # (818) 227-0101**<br>**cmartin@pprlaw.net**<br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:*<br>*U.S. Bank, N.A., successor in interest to the FDIC as receiver for Downey Savings and Loan Association, F.A. (F.040-1421)* | **FILED & ENTERED**<br><br>**JUL 29 2010**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY cetulio    DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: | CHAPTER: 7 |
|---|---|
| Mohammed Tamjeedul Islam aka Moe Alam dba Exlon Enterprise | CASE NO.: 1:09-bk-20128-KT |
| Debtor(s). | DATE: 07/22/10<br>TIME: 9:30 A.M.<br>CTRM: 301<br>FLOOR: 3rd |

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**UNDER 11 U.S.C. § 362 (Real Property)**
**(MOVANT: U.S. BANK, N.A., SUCCESSOR IN INTEREST TO THE FDIC AS RECEIVER FOR**
**DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.)**

1. The Motion was: ☐ Contested    ☒ Uncontested    ☐ Settled by stipulation

2. The Motion affects the following real property (the "Property"):

   *Street Address:* **3612 Texas Street**
   *Apartment/Suite No.:*
   *City, State, Zip Code:* **San Diego, California 92104**

   Legal description or document recording number (including county of recording):

   THE SOUTH 10 FEET OF LOT 21; ALL OF LOT 22 AND THE NORTH 5 FEET OF LOT 23, ALL IN BLOCK 10 OF PAULY'S ADDITION, IN THE CITY OF SAN DIEGO, COUNTY OF SAID SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 65, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, APRIL 1, 1873; ALSO ALL THAT PORTION OF THE WEST 10 FEET OF TEXAS STREET ADJOINING SAID PROPERTY ON THE EAST, WHICH WAS CLOSED NOVEMBER 22, 1910, BY ORDINANCE NO. 4284 OF THE COMMON COUNCIL OF THE CITY OF SAN DIEGO.

   ☐ See attached page.

3. The Motion is granted under:    ☒ 11 U.S.C. § 362(d)(1)    ☐ 11 U.S.C. § 362(d)(2)    ☐ 11 U.S.C. § 362(d)(3)
   ☒ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a.  ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b.  ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c.  ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

*(Continued on next page)*

___

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                                         **F 4001-1O.RP**

| In Re (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|
| Mohammed Tamjeedul Islam dba Exlon Enterprise | Debtor(s) | CASE NO: 1:09-bk-21028-KT |

6. ☐ Movant shall not conduct a foreclosure sale before the following date (*specify*):

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. ☒ The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:

   ☒ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.

   ☒ multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:

   a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
   b. ☒ The 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
   c. ☒ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER)*.
   d. ☒ Additional provisions:

By virtue of the entry of this order, the borrower's bankruptcy proceedings have now been finalized with regard to the subject property within the meaning of Calif. Civil Code Section 2923.5(h)(3).

# # #

DATED: July 29, 2010

*Kathleen Thompson*
United States Bankruptcy Judge

___
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                                          **F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: | 7 |
|---|---|---|---|---|
| Mohammed Tamjeedul Islam dba Exlon Enterprise | | | | |
| | | Debtor(s) | CASE NO: | 1:09-bk-21028-KT |

**(*OPTIONAL*)**
**EXTRAORDINARY RELIEF ATTACHMENT**
**(MOVANT: U.S. BANK, N.A., SUCCESSOR IN INTEREST TO THE FDIC AS RECEIVER FOR**
**DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.)**

*(This Attachment is the continuation page for Paragraph 10c of the foregoing Order.)*

Based upon evidence of efforts by Debtor(s) or others acting in concert with Debtor(s) to delay, hinder or defraud Movant by abusive bankruptcy filings, this court further orders as follows:

1. ☐ This Order is binding and effective in any bankruptcy case commenced by or against the Debtor(s) for a period of 180 days from the hearing of the Motion.

2. ☐ This Order is binding and effective in any bankruptcy case commenced by or against any successors, transferees, or assignees of the above-named Debtor(s) for a period of 180 days from the hearing of the Motion.
   ☐ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

3. ☒ This Order is binding and effective in any bankruptcy case commenced by or against any debtor(s) who claim(s) any interest in the Property for a period of 180 days from the hearing of the Motion.
   ☐ without further notice.
   ☒ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

4. ☒ This Order is binding and effective in any future bankruptcy case, no matter who the debtor(s) may be
   ☐ without further notice.
   ☒ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

5. ☐ The Debtor(s) is/are hereby enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of the Motion except as may be authorized by further order of this Court, and any transfer in violation of this Order is void.

6. ☐ The Sheriff or Marshal may evict the Debtor(s) and any other occupant from the subject Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of the Motion.
   ☐ without further notice.
   ☐ upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

7. ☐ Other (*specify*):

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                       **F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: | 7 |
|---|---|---|---|---|
| Mohammed Tamjeedul Islam dba Exlon Enterprise | | Debtor(s) | CASE NO: | 1:09-bk-21028-KT |

**NOTE TO USERS OF THIS FORM**:
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER ON MOTION GRANTING RELIEF FROM AUTOMATIC STAY** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of 05/15/10, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

John B Acierno ecfcacb@piteduncan.com
Arturo M Cisneros arturo@mclaw.org
Harris L Cohen hcohen00@aol.com
Mark D Estle mdestle@estlelaw.com
Rami N Haddad bknotice@mccarthyholthus.com
Mehrdaud Jafarnia bknotice@mccarthyholthus.com
Joe M Lozano notice@NBSDefaultServices.com
William Malcolm bill@mclaw.org
Christopher M McDermott ecfcacb@piteduncan.com
Christopher R Nelson cnelson@erlaw.com
Kelly M Raftery bknotice@mccarthyholthus.com
Stefanie A Schiff ecfcacb@piteduncan.com
United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
Diane Weil dcw@dcweillaw.com, dweil@ecf.epiqsystems.com
Gilbert B Weisman notices@becket-lee.com
Alan Steven Wolf wdk@wolffirm.com
David F. Makkabi cmartin@pprlaw.net

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Mohammed Tamjeedul Islam
17129 Sherman Way
Van Nuys, CA 91406
Debtor In Pro Se

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

___

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                 **F 4001-1O.RP**